UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

NICOLE MONDIE,

                                            Plaintiff,

               -against-

THE CITY OF NEW YORK, POLICE OFFICER SANTO
TAVERAS, NEW YORK CITY MARSHAL FRANK
SIRACUSA, JOHN AND JANE DOES 1-3,

                                           Defendants.

**COMPLAINT**

12 CV 6033 (NRB)

Jury Trial Demanded

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1. Plaintiff, a soldier in the United States Army Reserve and a retail facilities coordinator for Goodwill Industries, brings this civil rights action against the City of New York several New York City Police Officers, and a New York City Marshal and his assistants alleging that, on March 14, 2012, at approximately 10:30 a.m., defendants violated her rights under 42 U.S.C. § 1983, the Fourth and Sixth Amendments to the United States Constitution and New York state law by falsely arresting her, using unreasonable force on her, illegally strip searching her, denying her a fair trial and maliciously prosecuting her.  The false charges were dismissed on April 18, 2012.  Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide her New York state law claims of false arrest, assault, battery and malicious prosecution which form part of the same case and controversy as her federal claims under Article III of the United States Constitution.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York resides in and is subject to personal jurisdiction in this District and because plaintiff's *Monell* claim is based on acts and omissions that occurred in this District at One Police Plaza, the Internal Affairs Bureau and the Office of the Civilian Complaint Review Board.

## NOTICE OF CLAIM

5. With respect to plaintiff's state law claims of false arrest, assault, battery and malicious prosecution, notices of claim were duly filed with the City within 90 days of the arrest of plaintiff and the dismissal of her criminal case, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiff's state law claims.

## JURY TRIAL

6. Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## PARTIES

7. Plaintiff is a United States citizen.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. The individual defendants are members of the New York City Police Department ("NYPD") and the Office of the New York City Marshal. Defendants were acting under color of state law and in their capacities as members of the NYPD and the Marshal's

Office at all relevant times. Defendants are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendants are sued in their individual capacities.

## STATEMENT OF FACTS

10. On March 14, 2012, at approximately 10:30 a.m., in the vicinity of 703 Madison Street in Brooklyn, New York City Marshall Frank Siracusa and his assistants seized plaintiff's 2006 Chrysler 300 because plaintiff had an outstanding judgment for unpaid parking tickets.

11. When plaintiff lawfully attempted to obtain her insurance and registration documents from her car -- which she would need later in order to retrieve her car -- Siracusa attacked plaintiff by pushing her into her car and twisting her right arm.

12. Officers Santo Taveras and two other officers of the 81st Precinct (one being male and the other a Latino female) arrived and attacked plaintiff for no reason by slamming her against her car more than once, pressing elbows into her back and handcuffing her excessively tight.

13. Defendants' use of excessive force caused plaintiff pain, bruising and swelling.

14. Defendants arrested plaintiff and took her to the 81st Precinct.

15. In the precinct, the female arresting officer, with the knowledge and approval of the other defendants, illegally strip searched plaintiff in a restroom by ordering her to pull down her pants and underwear and expose her breasts.

16. Defendants' strip search of plaintiff was illegal because plaintiff had not committed a crime, there was no reasonable suspicion to believe that plaintiff was hiding illegal

items under her clothes, and plaintiff was not being placed in a general jail population at the time of the search.

17. While plaintiff was held in the precinct, Officer Taveras, with the knowledge and approval of the other defendants, falsely charged plaintiff with obstructing governmental administration and disorderly conduct.

18. Plaintiff was eventually taken to Brooklyn Booking.

19. While plaintiff was held in Brooklyn Central Booking, Officer Taveras, with the knowledge and approval of the other defendants, misrepresented to prosecutors that plaintiff had obstructed governmental administration and was disorderly.  Taveras signed a criminal court complaint which contained the false allegations.

20. As a result of defendants' misrepresentations, a prosecution was commenced against plaintiff.

21. On March 15, 2012, at approximately 10:00 a.m., plaintiff was arraigned in Criminal Court and released on her own recognizance.

22. The false charges were dismissed by the prosecution on April 18, 2012.

23. Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was incarcerated for approximately 24 hours and suffered a loss of liberty, emotional distress, fear, anxiety, embarrassment, humiliation, damage to her reputation, and pain, bruising and swelling. Plaintiff did not receive medical or mental health treatment as a result of defendants' conduct.

## **FIRST CLAIM**
### **(FALSE ARREST)**

24. Plaintiff repeats the foregoing allegations.

24. At all relevant times, plaintiff did not commit a crime or violation.

25. Despite plaintiff's innocence, the defendants arrested plaintiff or failed to intervene to prevent her false arrest.

26. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for false arrest.

## SECOND CLAIM

### (UNREASONABLE FORCE)

27. Plaintiff repeats the foregoing allegations.

28. Defendants' use of force upon plaintiff or their failure to intervene to stop the use of force on her was objectively unreasonable and caused plaintiff pain, bruising and swelling.

29. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force on her.

## THIRD CLAIM

### (ILLEGAL STRIP SEARCH)

30  Plaintiff repeats the foregoing allegations.

31. Defendants' strip search of plaintiff was illegal because plaintiff had not committed a crime, there was no reasonable suspicion to believe that plaintiff was hiding illegal items under her clothes, and plaintiff was not being placed in a general jail population at the time of the search.

32. Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for illegally strip searching her

## FOURTH CLAIM

### (DENIAL OF A FAIR TRIAL)

33. Plaintiff repeats the foregoing allegations.

34.     Defendants' misrepresentations about plaintiff to prosecutors deprived plaintiff of liberty because plaintiff was required to appear in court after the misrepresentations were made.

35.     Accordingly, the defendants are liable to plaintiff under the Sixth Amendment for denying her a fair trial.

## FIFTH CLAIM

### (MALICIOUS PROSECUTION)

36.     Plaintiff repeats the foregoing allegations.

37.     Defendants maliciously misrepresented to prosecutors that plaintiff had committed a crime and initiated a prosecution against her or played a role in initiating a prosecution against her.

38.     Defendants' misrepresentations deprived plaintiff of liberty because she was required to appear in court after her arraignment.

39.     The criminal case filed against plaintiff was ultimately dismissed.

40.     Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for malicious prosecution.

## SIXTH CLAIM

### (FAILURE TO INTERVENE)

41.     Plaintiff repeats the foregoing allegations.

42.     Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

43.     Accordingly, the defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## SEVENTH CLAIM

### (*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)

44. Plaintiff repeats the foregoing allegations.

45. The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

46. The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiff.

47. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained.

48. In addition to frequently violating the civil rights of countless residents of New York City, numerous members of the NYPD commit crimes. Officers have been arrested and convicted of such crimes as planting evidence on suspects, falsifying police reports, perjury, corruption, theft, selling narcotics, smuggling firearms, robbery, fixing tickets, driving under the influence of alcohol, vehicular homicide, assault and domestic violence. In fact, former NYPD Commissioner Bernard Kerik was convicted of corruption-related crimes in federal and state court and served time in federal prison. In 2011, Brooklyn South narcotics officer Jerry Bowens was convicted of murder and attempted murder in Supreme Court, Kings County, while under indictment for corruption and is presently serving a life sentence. In 2011, Police Officer William Eiseman and his subordinate Police Officer Michael Carsey were convicted of felonies in Supreme Court, New York County, for lying under oath, filing false information to obtain search warrants and performing illegal searches of vehicles and


Case 1:12-cv-06033-NRB   Document 1   Filed 08/07/12   Page 8 of 11


apartments. In 2012, New York City Police Officer Michael Pena was convicted in Supreme Court, New York County, of raping and sexually assaulting a woman at gunpoint and is presently serving a sentence of 75 years to life.

49. In October 2011, former Brooklyn South narcotics officer Jason Arbeeny was convicted in New York Supreme Court, Kings County, of planting drugs on two individuals and falsifying arrest reports. Before issuing a verdict of guilty, the judge scolded the NYPD for what he described as a "widespread culture of corruption endemic in its drug units." The judge further stated that the testimony demonstrated that the NYPD narcotics divisions maintain a "cowboy culture" and that he was "shocked, not only by the seeming pervasive scope of misconduct but even more distressingly by the seeming casualness by which such conduct is employed."

50. At least one federal court has recognized that there is widespread falsification by members of the NYPD. In *Colon v. City of New York,* Nos. 09 CV 8, 09 CV 9 (JBW), 2009 WL 4263362 (E.D.N.Y. November 25, 2009), the court stated that an "[in]formal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department."

51. Another federal court held in *Floyd v. City of New York*, 08 Civ. 1034 (S.D.N.Y. May 16, 2012) that the City of New York's and the NYPD's "cavalier attitude towards the prospect of a 'widespread practice of suspicionless stops' displays a deeply troubling apathy towards New Yorkers' most fundamental constitutional rights."

52. Despite the above, the City exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline and monitor the defendants and other officers like them.

53. The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

## EIGHTH CLAIM

### (FALSE ARREST UNDER STATE LAW)

54. Plaintiff repeats the foregoing allegations.

55. At all relevant times, plaintiff did not commit a crime or violation.

56. Despite plaintiff's innocence, the defendants arrested plaintiff or failed to intervene to prevent her false arrest.

57. Accordingly, the defendants are liable to plaintiff under New York state law for false arrest.

## NINTH CLAIM

### (ASSAULT)

58. Plaintiff repeats the foregoing allegations.

59. Defendants' use of force and strip search of plaintiff placed plaintiff in fear of imminent harmful and offensive physical contacts which injured her.

69. Accordingly, the defendants are liable to plaintiff under New York state law for assault.

## TENTH CLAIM

### (BATTERY)

61. Plaintiff repeats the foregoing allegations.

63. Defendants' acts of force upon plaintiff were offensive and nonconsensual physical contacts which injured plaintiff.

63. Accordingly, the defendants are liable to plaintiff under New York state law for battery.

## ELEVENTH CLAIM

### (MALICIOUS PROSECUTION UNDER STATE LAW)

64. Plaintiff repeats the foregoing allegations.

66. Defendants maliciously misrepresented to prosecutors that plaintiff had committed a crime and initiated a prosecution against her or played a role in initiating a prosecution against her.

67. The criminal case filed against plaintiff was ultimately dismissed.

68. Accordingly, the defendants are liable to plaintiff under New York state law for malicious prosecution.

## TWELFTH CLAIM

### (VICARIOUS LIABILITY CLAIM AGAINST CITY OF NEW YORK)

69. Plaintiff repeats the foregoing allegations.

70. The individual defendants were acting within the scope of their employment as members of the NYPD and the Marshal's Office when they falsely arrested, assaulted, battered, and maliciously prosecuted plaintiff.

71. Accordingly, the City of New York is vicariously liable to plaintiff under New York state law for false arrest, assault, battery and malicious prosecution.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

  a. Compensatory damages in an amount to be determined by a jury;

  b. Punitive damages in an amount to be determined by a jury;

  c. Attorney's fees and costs;

  d. Such other and further relief as the Court may deem just and proper.

DATED: August 4, 2012

/s/

_____
RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391